**In the Matter of Donald R. CHAPIN, Debtor.**

**In the Matter of John Peter HAYDEN, Jr., Debtor.**

**Bankruptcy Nos. 79 B 10096 EJR, 79 B 10097 EJR.**

United States Bankruptcy Court, S. D. New York.

Feb. 6, 1980.

Ira S. Greene, New York City, trustee in bankruptcy.

Irving H. Picard, New York City, U. S. trustee.

## DECISION ON APPLICATION FOR AN ORDER APPROVING SALE

EDWARD J. RYAN, Bankruptcy Judge.

Donald R. Chapin and John Peter Hayden, Jr., each filed a petition under Chapter 7 of the Bankruptcy Code. A trustee was appointed in each case and the trustee requests that the court approve the sale of property owned jointly by the debtors, Chapin and Hayden.

On August 1, 1975, one Edith B. Knight sold an option to purchase real estate to the debtors for the nominal sum of $1.00. The option gave the debtors the right to purchase the property for $20,000 after the death of Ms. Knight.

The application shows that Ms. Knight, acting through her son David W. Knight, offers to repurchase the option for the sum of $1,000.

■ The application is woefully inadequate to justify the court's approval of the proposed sale. The application is comprised of six brief paragraphs and is supported by an undated letter from David W. Knight and a copy of the option agreement. Aside from formal allegations, the application states, in essence:

4. Ms. Knight has offered to repurchase the option for the sum of $1,000.00. I have been advised that the property is a small lot which is not worth more than the $20,000.00 option price. Further, I have been advised that Ms. Knight is very much alive and healthy. Since the option can only be exercised after her death, it is of no immediate value to the above estates.

5. In accordance with the foregoing, I recommend acceptance of Ms. Knight's offer of $1,000.00 as being in the best interests of the creditors herein. The proceeds should be divided equally between the above two estates with $500.00 going to each estate.

The letter from David W. Knight states, in pertinent part:

As you know, my mother Edith B. Knight sold to Messrs. Chapin & Hayden for one dollar an option to buy her house in Ancram, New York after her death. I explained in some detail to Mr. J. T. Gatti of Reilly, Fleming and Reilly how she came to do this. Her motives were good, but in retrospect, it was a rather unfortunate move. *My mother is now too old to live in the house.* It is empty and must be disposed of. \* \* \* (Emphasis supplied).

At a minimum, an application of this type should show the date of acquisition and the acquisition cost to the optionor; the nature and value of any improvements, and the current market value of the property. Some detail with respect to the life expectancy of the optionor should be provided.

█ If the option were the property of the trustee in his personal capacity, I doubt he would accept $1,000 for the option without investigation beyond the matters disclosed in the application. As a fiduciary, his duty to make inquiry with respect to the real value of the property is at least to do that which he would do for his own self-interest.

The application is denied without prejudice to a renewal on a proper showing of facts.